**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**MISRAIM VELEZ CORDERO**<br><br><br>**Debtor** | **CASE NO. 12-02554 BKT**<br>**Chapter 13** |
| **MISRAIM VELEZ CORDERO, ENRIQUE VARGAS MUÑOZ**<br><br>**Plaintiffs**<br>**vs.**<br><br>**COOPERATIVA DE AHORRO Y CREDITO DE ISABELA**<br><br>**Defendant** | **Adversary No. 13-00081 BKT**<br><br><br><br><br>**FILED & ENTERED ON 6/12/2014** |

## OPINION AND ORDER

Before this court is a Motion for Partial Summary Judgment as to liability pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56 filed by Plaintiffs, Misraim Velez Cordero and Enrique Vargas Muñoz (collectively "Plaintiffs") [Dkt. No. 15], and Opposition to Motion for Partial Summary Judgment filed by Cooperativa de Ahorro y Credito de Isabela ("Cooperativa" or "Defendant") [Dkt. No. 19]. For the reasons set forth below, Plaintiffs' Motion for Partial Summary Judgment is GRANTED.

1

### I.   Factual Background

This adversary proceeding stems from a voluntarily petition filed under Chapter 13 of the Bankruptcy Code. On March 31, 2012, Misraim Velez Cordero ("Ms. Velez") filed her voluntary petition. In her schedules, Ms. Velez listed Cooperativa as a secured creditor. On June 29, 2012, Cooperativa filed its proof of claim. Shortly thereafter, on September 6, 2012, Ms. Velez's plan was confirmed offering 100% payment to Cooperativa.

On April 30, 2013, Plaintiffs filed the adversary proceeding before the court. Plaintiffs argue that Cooperativa has violated the automatic stay pursuant to 11 U.S.C. § 362. Their complaint centers on Cooperativa's proof of claim in which Ms. Velez and Enrique Vargas Muñoz ("Mr. Vargas") are co-debtors. Cooperativa loaned Ms. Velez $30,000.00 guaranteed by Mr. Vargas' shares valued at $3,925.22. Plaintiffs allege that Cooperativa has violated the automatic stay by: 1. Commencing and/or continuing an action that was, or could have been, commenced to recover a claim against the Plaintiffs that arose before the commencement of the matter at hand; 2. Collecting and/or assessing and/or recovering a claim against the Plaintiffs that arose before the commencement of the matter at hand; and 3. Acting to collect, or commencing a civil action to collect, the Plaintiffs' consumer debt after the order for relief was entered. Plaintiffs state that Cooperativa has made collection calls to Ms. Velez, and has frozen Mr. Vargas' shares. They further request emotional damages, punitive damages, and attorney's fees.

In their Motion for Partial Summary Judgment, Plaintiffs put forward the same allegations presented in their complaint. They again allege that Cooperativa made collection calls to Ms. Velez and froze Mr. Vargas' shares. None of Plaintiffs allegations are substantiated by evidence. They did not attach any submissions of evidentiary quality that substantiates their

2

claim, not even an affidavit. Furthermore, because there has been no discovery, the court cannot consider depositions, or answers to interrogatories.

Cooperativa's opposition to partial summary judgment resembles an answer to a complaint; it merely responds to each paragraph with a general denial or admission. Cooperativa also failed to submit any attachments, thereby demonstrating no effort in attempting to show differing versions of fact. However, Cooperativa does admit that it froze Mr. Vargas' shares. Nowhere in the relevant bankruptcy or adversary proceeding record is there any evidence of Cooperativa requesting relief from stay in order to do so. Cooperativa believes that it had the right to freeze the aforementioned shares without court approval. The court disagrees, and for the following reasons finds Plaintiffs' Motion for Partial Summary Judgment meritorious.

**II.     Standard of Review**

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Pursuant to Fed. R. Civ. P.  Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  <u>In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank</u>, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome

of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial.). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

4

### III. Legal Analysis

Plaintiffs contend that Cooperativa acted to collect their debt after the order for relief by placing collection calls to Ms. Velez and freezing Mr. Vargas' shares. Pursuant to 11 U.S.C. § 1301, in Chapter 13 bankruptcies, after an order for relief "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor." 11 U.S.C. § 1301. Cooperativa contends it had the right to freeze the aforementioned shares without court approval. "The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995) (citing Studley v. Boylston Nat. Bank, 229 U.S. 523, 528 (1913)). "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." Town of Hempstead Employees Fed. Credit Union v. Wicks, 215 B.R. 316, 319 (E.D.N.Y. 1997) (citing Strumpf, 516 U.S. at 18). However, 11 U.S.C. § 362(a)(7) stays any exercise of that setoff right after a petition is filed pursuant to 11 U.S.C. §§ 301, 302, or 303. Strumpf, 516 U.S. at 19; 11 U.S.C. § 362. The principal issue is whether Cooperativa's freezing of Mr. Vargas' shares constituted an exercise of the setoff right in violation of the automatic stay.

The Strumpf court analyzed the interplay between the right to offset under 11 U.S.C. § 553(a) and the staying of the right to setoff pursuant to 11 U.S.C. § 362(a)(7). Id. at 17-20. In Strumpf, the debtor had a checking account with the creditor-bank and was in default on a loan extended by the same. Id. at 17. After the debtor filed for relief under chapter 13 of the

5

Bankruptcy Code, creditor-bank placed an administrative hold on the debtor's checking account, and filed a motion for relief from automatic stay and for setoff. Id. at 17-18. The debtor then filed a motion to hold creditor-bank in contempt for violating the automatic stay. Id. at 18. The Strumpf court held that the administrative hold did not constitute an impressible setoff. Id. at 18-20. The court reasoned that the administrative hold was acceptable do to its temporary nature. Id. Section 553(a) is intended to permit the "temporary refusal of a creditor to pay a debt that is subject to setoff against a debt owed by the bankrupt." Id. at 21. Because the creditor-bank "refused to pay its debt, not permanently and absolutely, but *only while it sought relief under §* *362(d) from the automatic stay*," there was no violation of the automatic stay. Id. at 18-21 (emphasis added).

Applying the Strumpf standard, in Town of Hempstead Employees Fed. Credit Union v. Wicks, 215 B.R. 316, 317-18 (E.D.N.Y. 1997), the court dealt with a factually analogous scenario to the matter at hand. In Wicks, the court was presented with the issue of whether an administrative hold violated the automatic stay if the creditor never filed a motion for relief from automatic stay and for setoff. Wicks, 215 B.R. at 317-20. The Wicks debtors had a savings account with a credit union and two loans extended by the same. Id. at 318. After the credit union learned of the debtors filing for chapter 13 bankruptcy relief, it froze the debtors' savings account. Id. For four months the credit union "made no effort to seek the Bankruptcy Court's approval of the administrative freeze." Id. Finally, debtors "filed a motion for an order, pursuant to 11 U.S.C. § 362(h), finding the [c]redit [u]nion in willful violation of the automatic stay," and the credit union responded by moving "for relief from the stay to exercise their right of setoff." Id.

Pursuant to the <u>Strumpf</u> court's precedent, the <u>Wicks</u> court held that the "four-month-long administrative hold constituted an impermissible setoff in violation of the automatic stay." <u>Id.</u> at 319. The court reasoned as follows:

> In the instant case, the 'administrative hold' was by no means 'temporary': it lasted four months, during which time the Credit Union never sought relief from the automatic stay. Indeed, the hold might have continued indefinitely if the [debtors] had not finally taken action to bring the matter to a head. In reality, then, the Credit Union's more or less permanent retention of [the debtors'] funds was not a permissible temporary freeze within the scope of <u>Strumpf,</u> but rather constituted forbidden self-help in violation of the automatic bankruptcy stay.

<u>Id.</u> Thus, the credit union's prolonged lack of initiative to seek relief from the stay to exercise their right of setoff demonstrated the freeze's permanency in violation of 11 U.S.C § 362. <u>Id.</u> at 319-20.

As in <u>Wicks</u>, Cooperativa never filed a motion for relief from automatic stay and for setoff. Moreover, Cooperativa did not file said motion in response to Plaintiffs' Motion for Partial Summary Judgment. In fact, Cooperativa argues that it is entitled to freeze Mr. Vargas' shares without prior court approval. Pursuant to 11 U.S.C. § 1301, the "co-debtor stay applies by operation of law, and takes effect once a party, jointly liable on the consumer debt, files for bankruptcy protection under chapter 13." <u>Patti v. Fred Ehrlich, PC</u>, 304 B.R. 182, 187 (E.D. Pa. 2003). Cooperativa could have imposed a temporary freeze while it sought relief from the automatic stay, but the record demonstrates that such was not its intention. While Plaintiffs have not met their ultimate burden of proving that Cooperativa placed collection calls to Ms. Velez, there is no genuine issue of material fact that Cooperativa sought to freeze Mr. Vargas' shares in violation of the automatic stay.

7

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment shall be, and it hereby is, GRANTED. The court conclusively determines that Cooperativa deliberately and willfully violated the § 1301 co-debtor stay by freezing Mr. Vargas' shares. Clerk to schedule trial to determine damages.

In San Juan, Puerto Rico this 12th day of June, 2014.

Brian K. Tester