### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**MISRAIM VELEZ CORDERO**<br><br><br><br>**Debtor(s)** | **CASE NO.  12-02554**<br>**Chapter   13**<br><br>**Adversary No. 13-00081** |
| **MISRAIM VELEZ CORDERO**<br><br>**Plaintiff**<br>**vs.**<br><br>**COOPERATIVA DE AHORRO Y CREDITO DE ISABELA**<br><br>**Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 03/10/2016**</span> |

## ORDER

The Motion to Vacate Judgment filed by Defendant, Cooperativa de Ahorro y Credito de Isabela ("COOP") [Dkt. No. 29] is DENIED. The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under the Federal Rules of Civil Procedure, Rule 59 or a motion for 'relief from judgment' under Rule 60. Equity Security Holders' Committee v. Wedgestone Financial, 152

B.R. 786, 788 (Bkrtcy.D.Mass.1993). Which rule applies depends essentially on the time a motion is served. Although the Debtor does not state under which Rule he is requesting reconsideration, the timing of his motion falls within the purview of Fed.R.Civ.P. 59(e), which is made applicable to bankruptcy cases by the Federal Rules of Bankruptcy Procedure, Rule 9023.

The court emphasizes that the First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr.D.P.R. Aug. 29, 2013). A Motion to Alter or Amend Judgment is is not a tool for the losing party to repeat its previously considered and rejected arguments, or to present new legal arguments that it should have previously raised. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009) (citing Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) aff'd sub nom.Villanueva-Mendez v. Nieves-Vazquez, 440 F.3d 11 (1st Cir. 2006)).

Unless newly discovered evidence is presented, motions under Fed. R. Civ. P. 59(e) must clearly establish a manifest error of law. F.D.I.C. v. World U. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing F.D.I.C . v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that the

court overlooked and may reasonably be expected to amend or alter its conclusion. Est. of Rivera v. Dr. Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995)).

After considering the arguments raised by both parties, this court finds that COOP's motion neither provides the court with genuine reasons why it should revisit the Opinion and Order [Dkt. No. 22] nor compelling facts or law in support of reversing the prior decision. To buttress their argument, COOP cites to the confirmed chapter 13 plan in the related legal case of Plaintiff/Debtor, Misraim Velez Cordero ("Debtor") and posits that Debtor surrendered the collateral to the COOP. [See Dkt. No. 12 in the legal case]. COOP argues that this surrender of shares renders unnecessary the need to file any motions for relief of the co-debtor automatic stay since the confirmation of the chapter 13 plan lifted the stay in COOP's favor. COOP's argument is factually and legally incorrect.

The Debtor's confirmed chapter 13 plan states in relevant part that one hundred percent (100%) of the co-debtor claim with Mr. Enrique Vargas Muñoz is to be paid by the chapter 13 trustee in the total amount of $23,692.78. Debtor's Schedule B lists shares in the amount of $3,925.22 which serve as security for a loan with COOP with a balance of $27, 618.00 (See Debtor's Schedule B and D, Dkt. No. 1 in the legal case). COOP's proof of claim number 5-1 is for a personal loan in the amount of $27,301.07, which is secured by Debtor's shares in the amount of $3,925.22. It is these shares which the Debtor surrendered to the COOP in her chapter 13 plan. The remainder of the unsecured debt is to be paid through the plan. As stated in this court's Opinion and Order [Dkt.

No. 22], COOP never filed a motion for relief from automatic stay or for setoff. Pursuant to 11 U.S.C. § 1301, the "co-debtor stay applies by operation of law, and takes effect once a party, jointly liable on the consumer debt, files for bankruptcy protection under chapter 13." Patti v. Fred Ehrlich, PC, 304 B.R. 182, 187 (E.D. Pa. 2003). Moreover, Debtor's plan contemplated payment in full of COOP's unsecured debt.

Finally, COOP argues in its motion to vacate judgment citing the 2006 Ninth Circuit Bankruptcy Appellate Panel case Ozenne v. Bendon, 337 B.R. 214, 220, that the court erred in finding that COOP's actions were a willful violation without discussing the findings of material facts that merit such a finding, "especially when there was no evidence presented, at this point, that complied with the 'willfulness test' and not even a pre-trial report or hearing was filed or held." [See Dkt. No. 29, numbered paragraph 21]. In Kaneb v. Fleet Mortgage Group, Inc., 196 F.3d 265 (1st Cir. 1999), the leading case in the First Circuit regarding violation of the automatic stay, the court held that

> A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. . . . In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate.

A violation is "willful" if a "creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case." In re McMullen, 386 F.3d 320 (1st Cir. 2004). In the case before us there is no controversy as to whether COOP had knowledge of Debtor's bankruptcy. As such, its violation was willful. The Clerk shall schedule a final pre-trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 9th day of March, 2016.

Brian K. Tester
U.S. Bankruptcy Judge